UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.   3:20-CV-169-CLC-DCP |
| CPL LANAMIN, CO EARLS, and MORGAN COUNTY CORRECTIONAL FACILITY, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address the filing fee before screening the complaint pursuant to the Prison Litigation Reform Act ("PLRA").

### I.     FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*id.*] will be **GRANTED**.

Because Plaintiff is a prisoner in the Morgan County Correctional Complex ("MCCX"), he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B).

Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid. 28 U.S.C. § 1915(b)(2).

The Clerk will be is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of MCCCX and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. The Clerk also will be **DIRECTED** to forward a copy of this memorandum and order to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a

less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A successful claim under § 1983 requires a plaintiff to establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981).

### B. Analysis

In his complaint, Plaintiff alleges that on March 17, presumably in 2020, Defendants Lanamin and Earls slapped his face "across his ear," punched him in the kidneys, and choked him to the point of passing out, thereby causing Plaintiff's ear to be cut open and his left eye to be swollen and black, because another prisoner had stolen money from commissary and only Plaintiff and the person who had stolen the money had their cell pie flaps open [Doc. 1 p. 4]. Plaintiff also states that on April 14, presumably after Plaintiff had reported this attack, Defendant Lanamin called him a name, stated that he would not let him use the phone even if he could, and stated that he hoped Plaintiff would get raped [*Id.*]. Plaintiff has sued Corporal Lanaham, Correctional Officer Earls, and MCCX [*Id.* at 1].

First, MCCX is not a suable entity under § 1983. *See Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"). Accordingly, Defendant MCCX will be **DISMISSED**.

However, as the complaint allows the Court to plausibly infer that Defendants Lanaham and Earls may have violated Plaintiff's constitutional rights, his claims against these Defendants will proceed.

### III. CONCLUSION

For the reasons set forth above:

3

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Because Plaintiff is a prisoner in MCCX, he is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee, and to provide a copy to the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendant MCCX and this Defendant is therefore **DISMISSED**;

6. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for the remaining Defendants;

7. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

10. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

SO ORDERED.

ENTER:

                                              **/s/**
                                              **CURTIS L. COLLIER**
                                              **UNITED STATES DISTRICT JUDGE**