UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MICHAEL WILLIAMS, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) | No. | 3:20-CV-169-CLC-DCP |
| CPL LANAMIN and CO EARLS, | ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Defendants have filed a motion seeking summary judgment in their favor due to Plaintiff's failure to exhaust his administrative remedies for the claims in his complaint as the Prison Litigation Reform Act ("PLRA") requires [Doc. 14], as well as an affidavit from the Grievance Chairman Corporal for Morgan County Correctional Complex ("MCCX") [Doc. 14-1], a printout of Plaintiff's grievance record [Doc. 14-2], a memorandum [Doc. 15], and a statement of material facts [Doc. 16] in support thereof. Plaintiff has not filed a response, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the pleadings, the competent evidence, and the applicable law, the Court finds that this motion [Doc. 14] should be **GRANTED**.

### I.   STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the

burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

## II.     COMPLAINT ALLEGATIONS

Plaintiff's only claim proceeding herein is that on March 17, presumably in 2020, Defendants Lanamin and Earls slapped his face "across his ear," punched him in the kidneys, and choked him to the point of passing out, thereby causing his ear to be cut open and his left eye to be swollen and black, because another prisoner had stolen money and only that prisoner and Plaintiff had their cell pie flaps open [Doc. 1 at 4; Doc. 4 at 3–4]. With regard to his exhaustion of administrative remedies for this claim, Plaintiff states in his unsworn complaint that MCCX has a prisoner grievance system and that he complied therewith by "sen[ding] statements to [the] unit manager and internal affairs" [*id.* at 2].

## III.     ANALYSIS

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

2

or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

In support of their motion for summary judgment asserting Plaintiff failed to properly exhaust his administrative remedies for the claim proceeding herein, Defendants filed the affidavit of Mark Avery, the Grievance Chairman Corporal for MCCX, in which Mr. Avery testifies that Plaintiff has not filed any grievances at MCCX since March 14, 2019, and that a true and accurate printout of a list of all grievances Plaintiff has filed which confirms Mr. Avery's testimony is also attached to the motion [Docs. 14-1 and 14-2]. The record supports this testimony [Doc. 14-2]. Also, as set forth above, Plaintiff did not file anything disputing this evidence. Moreover, while Plaintiff stated in his complaint that he had complied with MCCX's grievance procedure by sending statements to the unit manager and internal affairs, this statement is not sworn, and the Court therefore cannot consider it for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (a court may not consider unsworn statements when ruling on a motion for summary judgment); *El Bey v. Roop*, 530 F.3d

407, 414 (6th Cir. 2008) (a sworn complaint carries the same weight as an affidavit for purposes of summary judgment).

Accordingly, Defendants have met their burden to establish that no reasonable jury could find tat Plaintiff properly exhausted his available administrative remedies for the incident underlying his complaint prior to filing this action as the PLRA requires, and they are entitled to summary judgment.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. 14] will be **GRANTED** and this action will be **DISMISSED without prejudice**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**